MICHAEL A. CARDOZO  
Corporation Counsel of the  
City of New York  
Attorney for The Comptroller of the City of New York  
100 Church Street, Room 5-234  
New York, New York 10007  
RITA DUMAIN (RD7662)  
BARBARA MORETTI  
(212) 788-0434  

Hearing Date:  
March 8, 2005 at 9:30 a.m.

UNITED STATES BANKRUPTCY COURT  
DISTRICT OF DELAWARE  
------------------------------------------------------------------------ x  

In re  

NETEXIT, INC., *et al.*,  

                                                            Debtors.  

**Chapter 11**  

Case No. 04-11321 (JLP)  
(Jointly Administered)  

------------------------------------------------------------------------ x  

NETEXIT, INC.,  

                                                            Plaintiff,  

                     -v-  

THE COMPTROLLER OF THE CITY OF NEW YORK,  

                                                            Defendant.  

Adv. Pro. No. 05-50388  

------------------------------------------------------------------------ X  

              **RESPONSE OF THE COMPTROLLER OF THE CITY OF NEW YORK IN OPPOSITION TO THE DEBTOR'S ORDER TO SHOW CAUSE WHY THE COMPTROLLER OF THE CITY OF NEW YORK IS NOT IN VIOLATION OF THE AUTOMATIC STAY; (II) TO COMPEL APPEARANCE AT MARCH 8, 2005 HEARING; AND (III) STAYING ALL PROCEEDINGS BEFORE CITY OF NEW YORK OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS**

**TO THE HONORABLE JOHN L. PETERSON,  
UNITED STATES BANKRUPTCY JUDGE:**

The Comptroller of New York ("The Comptroller"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, by Rita D. Dumain and Barbara Moretti, Assistant Corporation Counsels, as and for its response in opposition to the Debtor's Order To Show Cause (the "OTSC"), requesting an order enforcing the automatic stay, an injunction of prosecution of petition against Debtor and preliminary injunction under 11 U.S.C. §§ 105 and 362 of the Bankruptcy Code, respectfully states:

**Preliminary Statement**

1. On or about August 9, 2001, Netexit, Inc. ("Netexit") then known as Expanets, Inc. ('Expanets") entered into a contract with the City of New York, Human Resources Administration, to provide telecommunications maintenance and support services at various locations throughout the city of New York. The contract, involving installation and maintenance of telecommunications systems, was a "public work" within the meaning of New York State Labor Law §220.

2. The present controversy arises out of an investigation commenced in January of 2003 by the defendant, The Comptroller of the City of New York ("Comptroller") into alleged violations of New York Labor Law §220 by Expanets in the performance of the above referenced contract. Pursuant to Sections 220, 230 and 231 of the New York State Labor Law and Sections 6-109 and 19-142 of the New York City Administrative Code, the Comptroller is charged with the enforcement of prevailing wages requirements for New York City public works contracts.

3. In December of 2002, a group of sixteen (16) former employees filed a verified complaint with the Comptroller alleging Expanets had paid them less than the prevailing wage rate required for certain job classifications. On or about January 30, 2003, the Comptroller served a Notice To Produce & Examination upon Expanets advising it of a prevailing wage

compliance investigation and requesting certain documents related to wages and benefits provided to the claimants-employees during the subject period. See Notice to Target, dated January 30, 2003 and annexed hereto as Exhibit "A." Expanets requested and received a continuation of the hearing in order to allow Expanets to gather documentation it claimed was now in the possession of Avaya, an entity which had purchased Expanets in late November of 2003. The hearing was rescheduled for March 18, 2004 but did not take place based on debtor's representations it had entered into settlement negotiations with the individual complainants.

4. On or about April 1, 2004, the Comptroller was informed by letter from counsel for the individual claimants-employees that a settlement offer from Debtor was unacceptable and that Debtor was contemplating the filing of bankruptcy. Counsel for the claimants-employees requested that the Comptroller make an immediate finding that Expanets had failed to pay the prevailing wage and that following such finding, the Comptroller take action to seize and restrain monies yet due and owing under the contract to substantially owned-affiliated entities. See letter of Jeffrey Brown, of Leeds, Morelli & Brown, P.C. dated April 1, 2004 and annexed hereto as Exhibit "B."

5. On May 7, 2004, Debtor notified the Comptroller that it filed for bankruptcy protection on May 4, 2004. On January 5, 2005, the Comptroller served a Notice of Hearing and Petition scheduling a hearing before the New York City Office of Administrative Trials and Hearings ("OATH") for March 21, 2005. See Order to Show Cause Dated February 14, 2005 and Exhibit "B" annexed thereto.

6. By Order to Show Cause dated February 14, 2005, Debtor now moves pursuant to §§105 and 362 of Title 11 of the United States Code for a temporary restraining order and preliminary injunction staying the Petition Before OATH until further order of the Court. It

should be noted that Debtor applied for and received an order staying the petition until the scheduled hearing of the OTSC on March 8, 2005 without opportunity for the Comptroller to be heard in opposition.

7. Debtor argues such relief is necessary because it will be irreparably harmed if the prosecution is allowed to proceed outside of the bankruptcy proceeding and that the Comptroller violated the automatic stay in proceeding with the prosecution of the prevail wage violation. Debtor acknowledges that §362(b)(4) creates an exception to the automatic stay for the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power. Debtor, however, argues that where, as here, a debtor is in the process of liquidating and has no employees or business operations any prosecution is merely to adjudicate the private contractual rights of the claimants-employees. Debtor argues that since there can be no continuing or ongoing violations of New York State Labor Law, a hearing on these issues serves no public interest and is a violation of the automatic stay.

8. In addition to a temporary restraining order, Debtor also seeks a preliminary and permanent injunction pursuant to §105(a) of the Bankruptcy Code to enjoin prosecution of the Petition until resolution of the claims in the Bankruptcy proceeding. Debtor argues that it will suffer irreparable harm should the Comptroller not be enjoined and that such an injunction will not prejudice the Comptroller as the Comptroller's interests are fully protected by the proof of claim in the bankruptcy proceeding.

9. For the reasons set forth in the accompanying memorandum of law in opposition to the Debtor's OTSC, the Comptroller requests an order denying Debtor the relief sought in the OTSC and allowing the prosecution of the labor law violation to proceed.

# EXHIBIT A



**THE CITY OF NEW YORK**
**OFFICE OF THE COMPTROLLER**
1 CENTRE STREET ROOM 1122
NEW YORK, N.Y. 10007-2341

TELEPHONE: (212) 669-3986
FAX NUMBER: (212) 669-4002

Bureau of Labor Law

WILLIAM C. THOMPSON JR.
COMPTROLLER

## NOTICE TO TARGET

January 30, 2003

Expanets of New York
6000 New Horizons Blvd.
Amityville NY., 11701

RE: Prevailing Wage Investigation
Case File #20021215
Project: Various NYC Sites

Dear Sir/Madam:

Pursuant to Section 220 and 230 of the New York State Labor Law, and Sections 6-109 and 19-142 of the New York City Administrative Code, the Office of the Comptroller is charged with the enforcement of prevailing wages on New York City public work contracts.

In this respect, we are currently conducting an investigation to determine to what extent, Expanets of New York Inc., and or its subsidiaries, officers or principals may be in violation of the above statutes.

**PLEASE BE ADVISED THAT YOU, AS CONTRACTOR, OFFICER, OR PRINCIPAL, ARE REQUIRED TO DISCLOSE ON ALL VENDEX FORMS AND AFFIDAVIT OF NO CHANGE FORMS THAT YOU ARE UNDER INVESTIGATION BY THIS OFFICE.**

Also, please be advised that under the Labor Law, the prime contractor on a public work project is financially responsible for its subcontractor's non-compliance or evasion of the law.

This communication is for informational purposes only. Any assistance you may provide in this investigation will be greatly appreciated.

Sincerely,

Stanley Kalish
Claims Specialist
(212) 669-3986

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

7003 2510 0000 3413 7257

FILE 20021215

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To: ExPancts OF N.Y.
Street, Apt. No.; or PO Box No. New Horizons Blvd
City, State, ZIP+4 Amityville N.Y. 11701

PS Form 3800, January 2001    See Reverse for Instructions

BEFORE THE OFFICE OF THE COMPTROLLER    Sent via Certified & Regular Mail
OF THE CITY OF NEW YORK                              X

William C. Thompson, Comptroller

                    Petitioner,

                    -against-

                  Expanets, Inc.

                  Respondent,

for violation of New York State Labor Law
§ 220 et seq.

                  NOTICE TO PRODUCE
                            &amp;
                  **EXAMINATION**

Labor Law File No. 20021215

**TAKE NOTICE** that, pursuant to New York State Labor Law § 220 (7), you are hereby directed to appear for an examination before the Comptroller of the City of New York, Bureau of Labor Law, on February 12, 2004 at 10:00 a.m. at the following location:

Bureau of Labor Law
1 Centre Street
Municipal Building, Room 1122
New York, New York 10007

If you fail to appear or appear without the records requested, or if someone unfamiliar with the records appears, I will place a stop payment not to exceed $100,000 against each public work contract listed herein.

At the above time and place you will answer to the allegations that you failed to pay prevailing wages and benefits to the workers you employed on the following public works projects:

* Various locations in New York City.

Further, at said time and place you must produce the following records and documents:

1) All payroll books and records related to the said TA contracts including, but not limited to: a) original payroll reports; b) original daily project sign-in sheets; c) original canceled pay checks and copies of pay stubs thereto; d) cash disbursement books, and e) certified payroll reports.

2) The cost of the supplemental fringe benefit, if any, provided to the workers employed on the above contract(s), and all documents and plan descriptions thereof.

3) Federal, state, and city tax filings including, but not limited to, forms 941, WRS-2, W-2 and 1099, for the period during which you worked on the above contracts.

**Please provide to us one set of original records and one set of copies.**

All records that are submitted pursuant to this request must be sworn to as to their validity and accuracy in accordance with New York State Labor Law § 220 (3-a)[c]. If any of the requested documents are not available for inspection by the Comptroller, you must explain why in an affidavit. The above documents must cover the contract work completed to date.

Failure to comply with this demand is in and of itself a violation of the Labor Law and may result in the imposition of additional penalties.

By: /s/ Dwayne E. Gibson
Dwayne E. Gibson
Claim Specialist
Bureau of Labor Law
(212) 669-3911

Dated: January 12, 2004

Leonard, Street and Deinard
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402

BEFORE THE OFFICE OF THE COMPTROLLER   Sent via Certified & Regular Mail
OF THE CITY OF NEW YORK                       X

William C. Thompson, Comptroller

                                              NOTICE TO PRODUCE
                                                         &amp;
Petitioner,                           EXAMINATION

-against-

                                               Labor Law File No. 20021215

Expanets, Inc.

Respondent,

for violation of New York State Labor Law
§ 220 et seq.

                                                         X

     TAKE NOTICE that, pursuant to New York State Labor Law § 220 (7), you are hereby directed to appear for an examination before the Comptroller of the City of New York, Bureau of Labor Law, on March 18, 2004 at 10:00 a.m. at the following location:

    Bureau of Labor Law
    1 Centre Street
    Municipal Building, Room 1122
    New York, New York 10007

     If you fail to appear or appear without the records requested, or if someone unfamiliar with the records appears, I will place a stop payment not to exceed $100,000 against each public work contract listed herein.

     At the above time and place you will answer to the allegations that you failed to pay prevailing wages and benefits to the workers you employed on the following public works projects:

    * Various locations in New York City.

    Further, at said time and place you must produce the following records and documents:

    1) All payroll books and records related to the said TA contracts including, but not limited to: a) original payroll reports; b) original daily project sign-in sheets; c) original canceled pay checks and copies of pay stubs thereto; d) cash disbursement books, and e) certified payroll reports.

2) The cost of the supplemental fringe benefit, if any, provided to the workers employed on the above contract(s), and all documents and plan descriptions thereof.

3) Federal, state, and city tax filings including, but not limited to, forms 941, WRS-2, W-2 and 1099, for the period during which you worked on the above contracts.

**Please provide to us one set of original records and one set of copies.**

All records that are submitted pursuant to this request must be sworn to as to their validity and accuracy in accordance with New York State Labor Law § 220 (3-a)[c]. If any of the requested documents are not available for inspection by the Comptroller, you must explain why in an affidavit. The above documents must cover the contract work completed to date.

Failure to comply with this demand is in and of itself a violation of the Labor Law and may result in the imposition of additional penalties.

By: *[signature]*
Dwayne E. Gibson
Claim Specialist
Bureau of Labor Law
(212) 669-3911

Dated: February 10, 2004

Leonard, Street and Deinard
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402

# EXHIBIT B

# LEEDS MORELLI & BROWN, P.C.

*Attorneys at Law*

Reply to:
One Old Country Road
Suite 347
Carle Place, NY 11514
(516)873-9550
www.lmblaw.com

Atlanta                                                                 New York

**VIA FEDEX**

April 1, 2004

ORIGINAL

Michael Badero
The City of New York
Office of the Comptroller
1 Centre Street
New York, NY 10007

   Re:   Expanets

Dear Mr. Badero:

   As you may recall, we represent sixteen (16) plaintiffs/claimants with respect to their prevailing wage and discrimination claims against their former employer Expanets, Inc. Over the past few months we have endeavored, with Expanets, to fashion a settlement that is satisfactory to our clients and would be approved by the Comptroller's office. During this time period we have had numerous and extremely productive conversations with various representatives from the Comptroller's office regarding our client's prevailing wage claims. The Comptroller's Office and you in particular have been extremely helpful in addressing Expanets' defenses.

   Unfortunately, due to Expanets' failure to recognize the correct hourly rate of pay (Electrician A versus Telecommunications Worker) and the applicable statute of limitations (three (3) years versus two (2) years) we have been unable to resolve these claims. Additionally, Expanets has repeatedly told us that it is seriously contemplating the filing of bankruptcy and that our clients should take whatever amount of money that is being offered.

   Accordingly, we believe that it would be a grave injustice to ask our clients to settle for pennies on the dollar and therefore we have rejected Expanets' insulting settlement offer. On behalf of our clients, we respectfully ask that the Comptroller make an immediate finding that Expanets has failed to pay our clients the appropriate prevailing wage. Following this finding we ask that the Comptroller seize and restrain, or direct the appropriate City agency to seize and restrain, all monies due and owing under any existing New York City contract(s) with any of the

substantially owned - affiliated entity of Expanets, or any successor to Expanets, or subsidiary of Expanets. We believe these entities to be, Avaya Inc., Eagle Communications, Vision Communications and New Vision Communications.

    We thank you for your cooperation and look forward to working with you in the future.

    Very truly yours,

    LEEDS MORELLI & BROWN, P.C.

    By: JEFFREY BROWN

cc:  Adames, Felix, Belnavis, Wayne
      Casimir, Luidgy, Daniels, David
      Fernandez, Jose F., Ibarra, Victor
      Lebron, Secundino, Magan, Eugenio
      May, Oliver, McLeod, Walter
      Mike, Roger, Paredes, Santos
      Rivera, Ruben, Suero, Roberto
      Tavares, Luis, Winston, James

      Richard Pins, Expanets
      Daniel Rizzi, Avaya

## CERTIFICATION OF SERVICE

I, RITA D. DUMAIN , an attorney admitted to practice before the courts of the State of New York, do hereby certify that I caused to be served the Response of the Comptroller In Opposition to Debtor's Order to Show Cause pursuant to 7012(b)(1) and 6 of the Bankruptcy Code on the parties listed below by overnight express and by causing to be deposited a copy of the same, enclosed in a prepaid wrapper in a post office box situated at 100 Church Street in the Borough of New York, City of New York, regularly maintained by the Government of the United States in said City.

Dated: New York, New York
      March 1, 2005

                                                s/Rita D. Dumain
                                                RITA D. DUMAIN

David L. Finger
Finger & Slanina, LLC
One Commerce Center
1021 Orange Street, Suite 725
Wilmington, DE 19801-1155

Jesse H. Austin, III, Esq.
Karol K. Denniston, Esq.
PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street
Suite 2400
Atlanta, Georgia

10. It is clear that the Debtor will be unable to demonstrate either an irreparable injury or that a balancing of the hardships tips in its favor. Moreover, there is strong and compelling public interest in allowing the prosecution of the prevailing wage law to proceed.

**WHEREFORE**, it is respectfully requested that the Court issue an order denying Debtor's OTSC in its entirety and (a) declaring that THE OATH hearing is exempt from the automatic stay pursuant to Section 362(b)(4) of the Bankruptcy Code; (b) denying the Debtor's request for injunctive relief pursuant to Section 105(a) and allowing the prosecution of the labor law violation to proceed without further delay along with such other relief as this Court deems just and proper

.

Dated:   New York, New York
         March 1, 2005

By:   s/Rita D. Dumain
      RITA D. DUMAIN

By:   _____
      Barbara Moretti

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for The Comptroller of the City of New York
100 Church Street, Rm. 5-234
New York, New York  10007

5