IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NETEXIT, INC., *et al.*, | : | Case No. 04-11321 (JLP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |
| NETEXIT, INC., et al., | : | Adv. Proc. No. 05-50388 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE COMPTROLLER OF THE CITY OF NEW YORK, | : | |
| | : | |
| Defendant. | : | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION STAYING PETITION BEFORE OFFICE OF
<u>ADMINISTRATIVE TRIALS AND HEARINGS</u>**

Netexit, Inc. ("Netexit" or the "Debtor")[1], the plaintiff (the "Plaintiff") in the above-captioned adversary proceeding, submits this supplemental memorandum of law in support of Netexit's motion for a temporary restraining order and preliminary injunction staying a Petition before the Office of Administrative Trials and Hearings (the "Motion").[2]

---

[1] In addition to Netexit, Inc., the jointly administered and substantively consolidated debtors consist of the following entities: Eagle a Netexit Company Inc., Netexit of California, Inc., Netexit of California Construction, Inc., Netexit of Hawaii, Inc., Netexit of Indiana, Inc., Netexit of Indiana LLC, Netexit of Mississippi, Inc., Netexit of New York, Inc., Netexit of Oklahoma, Inc., Netexit of Pacific Northwest, Inc., Netexit of Tennessee, Inc., Netexit of North America LLC and ATS Financial Services, Inc. (collectively, the "Debtors").

[2] Any capitalized term used herein but not defined herein shall have the meaning given to it in the Motion.

ATL/1094813.1

1

**PRELIMINARY STATEMENT**

1. On or about February 14, 2005, the Court entered its Order (I) To Show Cause Why the Comptroller of the City of New York is not in Violation of the Automatic Stay; (II) Staying all Proceedings Before the City of New York Office of Administrative Trials & Hearings [Adv. Pro. Docket No. 7] (the "Order to Show Cause"). Pursuant to the Order to Show Cause, the Court ordered the Comptroller of the City of New York, the defendant (the "Defendant" or the "Comptroller") to appear before the Court on March 8, 2005 and show cause why the preliminary injunction should not be issued.

2. On March 8, 2005, the Court held a hearing on the Order to Show Cause. At the hearing, counsel for Netexit advised the Court and the Defendant of the recent United States Court of Appeals for the Third Circuit's decision in In re Kaiser Group International Inc., 2005 U.S. App. LEXIS 3288, (3rd Cir. February 25, 2005). A copy of the decision is attached hereto as Exhibit A.

**STATEMENT OF FACTS**

3. The underlying facts are set forth in the Motion filed on or about February 9, 2005 and are incorporated herein by reference.

4. On December 29, 2004, the Comptroller filed its Proof of Claim as an unsecured, non-priority claim in the Debtors' substantively consolidated bankruptcy cases, alleging the identical claims as set forth in the Petition.[3] The Comptroller's Proof of Claim and the Petition assert identical facts and seek substantially similar relief.

5. In addition to the Proof of Claim filed by the Comptroller, each of the sixteen (16) individuals involved in the prevailing wage litigation related to the Petition are represented by

---

[3] A copy of the Proof of Claim is attached hereto as Exhibit B.

ATL/1094813.1

2

counsel who have filed substantially similar claims against the Debtors' estates on their behalf. Attached hereto as <u>Exhibit C</u> is a list of the claims, identified by claim number, filed by the individuals.

6. On January 26, 2005, the Comptroller filed a Notice of Hearing (the "Notice") and Petition (the "Petition"), LL Case No. 20021215, before the Office of Administrative Trials and Hearings ("OATH"), alleging violations of the New York State Labor Laws. A copy of the Notice and the Petition are attached hereto as <u>Exhibit D</u>.

7. As set forth in the Debtors' Memorandum of Law in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction Staying Petition Before Office of Trials and Hearings [Adv. Pro. Docket No. 5] (the "Memorandum of Law"), the Petition is in violation of this Court's exclusive jurisdiction to resolve claims against the Debtors' substantively consolidated estates. Not only does the Petition violate the automatic stay, it is wholly inconsistent with the Defendant's submission to this Court's jurisdiction as a result of the filing of its Proof of Claim on December 29, 2004.

8. Netexit is seeking a preliminary injunction to prevent unnecessary, duplicative proceedings and potentially inconsistent findings of fact. The Comptroller has violated the stay and should be enjoined from further proceedings on the Petition.

## ARGUMENT

A. <u>A Preliminary Injunction Must Issue Because the Comptroller has Submitted to this Court's Exclusive Jurisdiction</u>

9. Section 106(b) of the Bankruptcy Code provides:

> A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

10. Courts have construed Section 106(b) consistently with its express language. For example, in <u>In re Charter Oak</u>, the Court held a "governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose." <u>In re Charter Oak</u>, 203 B.R. 17, 21 (Bankr. D. Conn. 1996), <u>aff'd,</u> 361 F.3d 760 (2d Cir. 2004).

11. By filing a claim against the bankruptcy estate, a creditor triggers the process of "allowance and disallowance of claims," thereby subjecting itself to the bankruptcy court's equitable power. <u>Langenkamp v. C.A. Culp.</u>, 498 U.S. 42, 44 (1991). A creditor who invokes the aid of the bankruptcy court by offering a proof of claim and demanding allowance must abide by the consequences of that procedure. <u>Gardner v. New Jersey</u>, 329 U.S. 565, 573 (1947); <u>In re Carnell Construction</u>, 424 F.2d 296, 298 (3d Cir. 1970) ("It is settled that a creditor who proves a claim submits himself to the summary jurisdiction of the Bankruptcy Court in respect of preferences or voidable transfers, including the jurisdiction of the Bankruptcy Court to enter a monetary judgment or order a return."). The creditors' claim becomes triable only in equity. <u>Langenkamp</u>, 498 U.S. at 42.

12. Consistent with the precedent cited above, the Third Circuit recently held:

> by its terms, § 106(b) limits the scope of a waiver predicated on the filing of a proof of claim to those adversarial claims that are both "property of the estate" and "arise out of the same transaction or occurrence" as the claims set forth in the proof of claim.

<u>In re Kaiser Int'l Group</u>, 2005 U.S. App. LEXIS 3288, at *16. Such is the situation here. As in <u>Kaiser</u>, the Comptroller seeks to enforce its Petition and the Proof of Claim in duplicative proceedings even though both assert identical facts arising out of the same transaction or occurrence. The <u>Kaiser</u> decision precludes this result because: (i) sovereign immunity has been

knowingly and intentionally waived as a result of the filing of the Proof of Claim; and (ii) the Petition and the Claim assert identical facts and seek identical relief making the Petition nothing more than an attempt to end run this Court's exclusive jurisdiction, and avoid this Court's allowance and/or disallowance of the claim.

13. Specifically, the <u>Kaiser</u> court stated, "that all of the claims and counterclaims arise out of that one complex transaction – is sufficient to demonstrate a logical relationship between the claims" holding that the governmental unit had waived its sovereign immunity by filing the proof of claim. <u>See id</u>. at *29. The <u>Kaiser</u> court also held, once the proof of claim is filed, the bankruptcy court has exclusive jurisdiction with respect to claims involving "property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose." <u>See id</u>. at 23-24 (quoting 11. U.S.C. § 106(b)).

14. Similarly, other courts have held that filing a proof of claim grants the bankruptcy court exclusive jurisdiction over the proof of claim. <u>See</u> <u>In re University Medical Center</u>, 973 F.2d 1065, 1086 (3d Cir. 1992) (a government agency formally invokes the jurisdiction of the bankruptcy court through filing a proof of claim). Moreover, the Supreme Court's holdings in <u>Granfinanciera</u> and <u>Langenkamp</u> "leave little doubt that the equitable jurisdiction of the bankruptcy court is exclusive when its jurisdiction has been invoked by the filing of a claim." <u>Travelers Int'l AG v. Robinson</u>, 982 F.2d 96, 100 (3rd Cir. 1992).

B. <u>The Comptroller's Proof of Claim and Petition Arise Under the Same Transaction or Occurrence and Under the Logical Relationship Standard Must be Adjudicated by this Court in Equity</u>

15. On December 29, 2004, the Comptroller filed its Proof of Claim asserting a claim, as set forth in the letter dated December 29, 2004 accompanying the Proof of Claim, for violations of section 220 of the New York State Labor Law, seeking payment of prevailing wage

ATL/1094813.1

5

and bona fide wage supplements to sixteen (16) former employees between the years 2001 to 2003 (the "Workers") in an unsecured non-priority amount of $2,597,448.21.

16.     On January 26, 2005, the Comptroller issued its Notice and Petition seeking to enforce section 220 of the New York Labor Law and seeking substantially similar relief to the relief requested in the Proof of Claim; namely to make a determination of the payments to be made for the alleged violation of the above-described statute.

17.     The Comptroller knowingly and intentionally submitted to this Court's exclusive jurisdiction in equity and waived its sovereign immunity with respect to the Proof of Claim.

18.     Well after the submission to the equitable jurisdiction of the Bankruptcy Court by the filing of the Proof of Claim, the Comptroller issued the Petition seeking to obtain identical relief to that sought in the Proof of Claim, but in a separate but duplicative proceeding – one which the Comptroller controls.

19.     As set forth above, the Proof of Claim, the Petition and the claims of the sixteen (16) individual claimants assert the same facts and circumstances arising under the same transaction or occurrence and must proceed before this Court through the claims adjudication process mandated by the Bankruptcy Code and controlling precedent.  The Debtors should not be exposed to the expense of multiple proceedings with potentially inconsistent results.  Nor should this Court's exclusive jurisdiction be invaded when the Comptroller knowingly and willingly submitted hereto by filing the filing of its Proof of Claim.

20.     As the Court knows, this is a liquidating Chapter 11 and the Debtors are very focused on efficient and expedient management of these proceedings.  This includes elimination of unnecessary and duplicative proceedings and controlling administrative costs.  The Debtors'

estates are being operated for the benefit of creditors and the Debtors and their creditor body should not be subjected to unnecessarily redundant proceedings.

21. Moreover, the Debtors are moving forward to confirming their liquidating plan of reorganization in a timely fashion. On February 28, 2005, the Debtors filed their Motion for an Order (A) Approving Debtors' Proposed Disclosure Statement; (B) Establishing Procedures for Solicitation and Tabulation of Votes on Debtors' Plan of Reorganization; (C) Approving the Form and Manner of Notice; (D) Scheduling a Hearing on Confirmation; and (E) Granting Related Relief Respecting Debtors' Plan of Reorganization [Docket No. 369]. The motion is scheduled to be heard at the April 5, 2005 hearing and the Debtors intend to proceed to confirmation as soon as possible in order to reduce and eliminate unnecessary administrative expense caused by delay or unnecessary litigation and related proceedings. The Debtors and their estates are also seeking relief to avoid the costs of multiple proceedings to determine claims, such as the Comptroller's Proof of Claim and its subsequent Petition, that arise under the same set of facts and circumstances.

[concluded on next page]

WHEREFORE, for all of the foregoing reasons, the reasons set forth in the Debtors' Memorandum of Law, and argument of counsel at the March 8, 2005 hearing, Netexit submits that sufficient cause is demonstrated for the Court to enter a preliminary injunction preliminarily enjoining the Petition pending resolution of this adversary proceeding or resolution of the Comptroller's Proof of Claim.

Dated: Wilmington, Delaware
March 10, 2005

Respectfully submitted,

/s/ David L. Finger_____
David F. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1166
(302) 884-6766

and

Jesse H. Austin, III, Esq.
Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street
Suite 2400
Atlanta, GA 30309
(408) 815-2400

*Co-Counsel for Plaintiff, Netexit, Inc.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NETEXIT, INC., *et al.*, | : | Case No. 04-11321 (JLP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| NETEXIT, INC., et al., | : | Adv. Proc. No. 05-50388 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE COMPTROLLER OF THE CITY OF NEW YORK, | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, David L. Finger, hereby certify that a true and accurate copy of the foregoing **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION STAYING PETITION BEFORE OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS** was served on March 10, 2005, by overnight mail, upon the following parties:

Gregory Hunt
Staff Attorney
Bureau of Labor Law
Office of the Comptroller
One Centre St., Room 1120
New York, NY 10007

William C. Thompson, Jr.
Comptroller of the City of New York
One Center Street, Room 530
New York, NY 10007-2341

ATL/1094813.1

9

Michael A. Cordozo
Corporation Counsel
New York City Law Department
100 Church Street
New York, NY 10007-2601

/s/ David L. Finger
David F. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1166
(302) 884-6766

Dated: March 10, 2005.