MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for The Comptroller of the City of New York
100 Church Street, Room 5-234
New York, New York 10007
RITA DUMAIN (RD7662)
BARBARA MORETTI
(212) 788-0434

Return Date:
March 18, 2005 at 9:30 a.m.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE
------------------------------------------------------------------- x

In re

NETEXIT, INC., et al.,

                                                Debtors.

**Chapter 11**

Case No. 04-11321 (JLP)
(Jointly Administered)

------------------------------------------------------------------- x

NETEXIT, INC.,

                                                Plaintiff,
               -v-

THE COMPTROLLER OF THE CITY OF NEW YORK,

                                                Defendant.

Adv. Pro. No. 05-50388

------------------------------------------------------------------- X

**SUPPLEMENTAL MEMORANDUM OF LAW OF THE
COMPTROLLER OF THE CITY OF NEW YORK IN
FURTHER OPPOSITION TO DEBTOR'S ORDER TO
<u>SHOW CAUSE.</u>**

<u>Preliminary Statement</u>

On March 8, 2005, attorneys representing plaintiff Netexit, Inc. ("Netexit") and defendant the Comptroller of the City of New York ("Comptroller") (via telephone) appeared before this Court for oral argument on Debtor's Order to Show Cause dated February 14, 2005.

Following oral argument, the Court directed that both sides provide the Court with a further memorandum limited to the question of whether or not the filing of a proof of claim by the Comptroller conferred exclusive subject matter jurisdiction upon the bankruptcy court to adjudicate alleged prevailing wage law violations by the debtor.

## I

### THE VALIDITY OF AN ORDER OF A FEDERAL COURT DEPENDS UPON THAT COURT'S HAVING JURISDICTION OVER BOTH THE SUBJECT MATTER AND THE PARTIES AND NO ACTION OF A PARTY CAN WAIVE THE REQUIRMENT OF SUBJECT MATTER JURISDICTION.

Federal courts are courts of limited jurisdiction. The validity of an order of a federal court depends upon the court having jurisdiction over both the subject matter and the parties. Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S 694 (1982). Subject matter jurisdiction cannot be waived nor may it be conferred by agreement. Sovereign immunity however, which is not a matter of subject matter jurisdiction, can be waived. Sovereign immunity is an affirmative defense, that if invoked properly, may prevent the exercise of federal jurisdiction but does not deprive the federal court of its jurisdiction. In re Burlington Motor Holdings Inc., 242 B.R. 156 (Bankr. D. Del. 1999). Because subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is doubt. Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, (3d Cir. Pa. 2003)

Pursuant to 28 U.S.C.S. §1452, actions to enforce a governmental unit's police or regulatory power may not be removed to bankruptcy court. Thus, a bankruptcy court may not properly determine alleged violations of New York Labor Law. See In re Travacom Communs., Inc., 300 B.R. 635, (Bankr. W.D. Pa. 2003) (holding that a hearing held by the Commonwealth of Pennsylvania to address alleged violations by the debtor and non debtor principal of the

Pennsylvania Prevailing Wage Act ("PPWA") was a valid exercise of police and regulatory power even if it thereby sought to accomplish nothing more than a liquidation of damages for past alleged violations of the debtor of the PPWA and that the bankruptcy court lacked subject matter jurisdiction to grant the debtor's request for alternative relief). See also Pesantez v. Boyle Envtl. Servs., Inc., 251 A.D.2d 11, 673 N.Y.S.2d 659 (1st Dep't 1998) (in granting an employees' motion for class certification, the court noted that a debtor's failure to pay prevailing rate was a question over which the Bankruptcy Court does not have jurisdiction).

II

**SECTION 106(b) OF THE BANKRUPTCY CODE CANNOT BE READ TO CONFER SUBJECT MATTER JURISDICITON UPON A FEDERAL COURT TO ADJUDICATE ACTIONS TO ENFORCE A GOVERNMENTAL UNIT'S POLICE OR REGULATORY POWER**

Debtor erroneously argues that upon the filing of a proof of claim, 11 U.S.C.S. § 106(b) operated to confer exclusive subject matter jurisdiction upon the bankruptcy court to adjudicate all claims asserted by the debtor associated with the proof of claim. None of the cases cited in Debtor's memorandum of law stand for such a proposition. As discussed below, the following cases merely stand for proposition that under some circumstances, a government will be deemed to have waived the affirmative defense of sovereign immunity with respect to monetary liability for compulsory or permissive counterclaims related to the government's proof of claim

In re University Medical Center, 973 F.2d 1065 (3d Cir. Pa. 1992) involved a governmental agency's attempt to recover pre-petition Medicare overpayments through post-petition withholding of monies owed for post-petition services rendered by a debtor hospital. Debtor hospital was a participant in the Medicare program pursuant to a provider agreement. At the time of the withholding, the court had not yet approved assumption of the provider agreement. The debtor hospital brought an adversary proceeding demanding payment for the

3

post-petition services and an award of attorneys' fees for the government's violation of the automatic stay. The court found that because the parties had stipulated to the amounts of the overpayments, the bankruptcy court had subject matter jurisdiction because the claims did not arise under the Medicare Act. Following a determination of subject matter jurisdiction, the court went on to examine the extent of a §106(b) waiver of sovereign immunity.

Similarly, In re Charter Oak Assocs., 203 B.R. 17 (Bankr. D. Conn. 1996) involved a debtor's attempt to claim a setoff against a proof of claim filed by the Department of Revenue Services ("DPS) based on the debtor's failure to pay Connecticut use taxes on certain of its purchases. The debtor filed an adversary proceeding claiming a setoff for monies owned the debtor from Department of Social Services (DDS). At issue was whether an agency of the state, by filing a proof of claim had waived sovereign immunity for all state agencies with respect to compulsory or permissive counter claims. Subject matter jurisdiction was never contested—only the scope of the §106(b) waiver.

Debtor places particular reliance on the case of In re Kaiser Group Int'l Inc., 2005 U.S. App. LEXIS 3288 (3d Cir. Del. Feb. 25, 2005) In Kaiser, the debtor appealed from the district court's decision dismissing the debtor's complaint against International Finance Company ("IFC"), a public international organization which had filed a proof of claim. The lower court had dismissed the complaint for lack of subject matter jurisdiction on the grounds that claims fell outside of the scope of IFC's §106(b) waiver of sovereign immunity. The claims asserted by the debtor were ordinary contract claims of the kind typically asserted in the context of a bankruptcy proceeding and did not involve the exercise of a government's police or regulatory powers. Thus, the ruling in Kaiser merely addressed the scope of a §106(b) waiver of sovereign immunity as a prerequisite for jurisdiction.

Debtor has failed to cite to a single case that stands for the proposition that the filing of a proof of claim grants the bankruptcy court exclusive jurisdiction to hear all matters connected with the proof of claim. As noted previously, In re University Medical Center, 973 F.2d 1065 (3d Cir. Pa. 1992) actually holds that the bankruptcy court does not have subject matter jurisdiction over every dispute related to a proof of claim. In University Medical Center, the court first examined whether the alleged dispute involved claims arising from provisions set forth in the Medicare Act. The court acknowledged that it lacked subject matter jurisdiction for claims arising under the Medicare Act. Only after finding that the counterclaims did not arise under the Medicare Act, did the court examine the applicability of Section 106(a) to the affirmative defense of sovereign immunity asserted by the government.

Debtor's reliance on Langenkamp v. Culp, 498 U.S. 42, (1990) and Travellers Int'l AG v. Robinson, 982 F.2d 96, (3d Cir. Del. 1992) is misplaced. Both cases merely held that creditors who submit a claim against a bankruptcy estate and are then sued by the trustee in bankruptcy to recover allegedly preferential monetary transfers were not entitled to a jury trial under the Seventh Amendment because the creditors brought themselves with the equitable jurisdiction of the bankruptcy court by filing claims against the bankruptcy estates. Applying similar reasoning, Granfinanciera, S. A. v. Nordberg, 492 U.S. 33 (1989) held that a creditor who had not filed a claim in the bankrupt estate was entitled to a jury trial in a suit filed in district court by the Chapter 11 bankruptcy trustee seeking to avoid allegedly fraudulent transfers and damages. Both cases involved avoidance of preferences and fraudulent conveyance—not actions to enforce a governmental unit's police or regulatory powers.

Similarly, In re Carnell Constr. Corp., 424 F.2d 296, (3d Cir. N.J. 1970) involved the question of whether a bank's filing of a proof of claim concerning its security interest in two automobiles it had financed for the debtor gave the bankruptcy court summary jurisdiction to determine the Receiver's completely unrelated claim requesting a turnover order for the $85,000 the bank had taken to satisfy an outstanding loan obligation of the debtor from monies deposited in the bank by debtor. The court held that the bankruptcy court did not have jurisdiction over a counterclaim interposed by a Receiver which is unrelated to the creditor's claims.

In the present case, the Debtor seeks to prevent the Comptroller from investigating and/or prosecuting labor law violations. The operative facts relating to the debtor's alleged violation of prevailing wage law bear no logical relationship to the request for a preliminary injunction to prevent the Comptroller from investigating the alleged violation. Nothing in the Debtor's complaint can be construed as a compulsive or permissive counterclaim arising from the alleged labor law violations. As a result, Section 106(b) has no applicability and it cannot be construed to confer subject matter jurisdiction in contravention of 28 U.S.C.S. §1452.

### III

**ALLOWING THE PROSECUTION TO PROCEED IN THE OATH TRIBUNIAL IS THE APPROPRIATE RESULT UNDER THE BANKRUPTCY CODE AND WOULD SERVE TO EXPEDIATE RATHER THAN DELAY THE CLAIMS RESOLUTION PROCESS**

In Count II of the adversary complaint, the Debtor seeks a temporary restraining order and preliminary injunction to preserve the automatic stay until the Comptroller's claim can be adjudicated and resolved in the context of these bankruptcy proceedings for the allowance and disallowance of claims. Pursuant to 11 U.S.C.S. §105, a bankruptcy court may grant injunctive relief if same is necessary to carry out the provisions of the bankruptcy code. However, § 105 does not give bankruptcy courts the authority to contravene specific provisions contained within

the code itself. In exercising authority pursuant to §105, the bankruptcy court is limited by the express terms of the code itself and its equitable jurisdiction may not be exercised contrary to expressed rules of law and equity. See In re Continental Air Lines, Inc., 61 B.R. 758 (S.D. Tex. 1986).

While the bankruptcy court normally supervises the liquidation of claims, the bankruptcy code sets forth several situations when a tribunal other than the bankruptcy court should properly liquidate a claim to judgment. See In re First Alliance Mortg. Corp.), 264 B.R. 634, 657 (C.D. Cal. 2001) (specifying 11 U.S.C §362(b) (exceptions to the automatic stay); 28 U.S.C.S. §1334 (c) (abstention); id. §1452(a) (barring removal of regulatory actions); and id. §157 (d) (withdrawal of the reference). Assuming this Court were to grant an injunction to stay the prosecution of the alleged prevailing wage violations, such injunction would only act to delay claims resolution.

Contrary to the Debtor's contentions, the claims of the individual employee-claimants and the Comptroller are not identical. A private right of action for underpayment of wages does not exist under Labor Law §220 until there has been an administrative hearing pursuant to subdivision (8) that either has gone unreviewed or been affirmed in the claimants-employees' favor. See Pesantez v. Boyle Envtl. Servs., Inc., 251 A.D.2d 11, 673 N.Y.S.2d 659 (1st Dep't 1998). See also NY CLS Labor §220(8)-(8a-c). If OATH determines that a labor law violation has occurred, the Comptroller is statutorily obligated to conduct an inquiry into the willfulness of the alleged violation and to assess fines accordingly. As a practical matter, the claims resolution process is dependent upon a finding from OATH--the sole tribunal responsible for determining labor law violations. In addition, the Comptroller is not limited to seeking recovery from the individual or contractor found to be in violation. The Comptroller may also recover prevailing

wage underpayments and penalties from successors, subsidiaries, principals and other entities related to the contractor who has violated the prevailing wage law. NY CLS Labor §220-b(2), 220-b(3)(a), 220-b(4)(g) and 220(5). It should be noted that the Debtor has indicated that payroll records and other documentation related to the prevailing wage dispute is presently in the possession or control of successor non debtor entities who have not filed proofs of claim in these proceedings. Unnecessary and duplicative proceeding can best be avoided by allowing the dispute to be resolved before OATH as the tribunal properly charged with investigating and prosecuting the debtor and other liable non debtor entities.

Injunctive relief is an extraordinary and drastic remedy and is not to be granted routinely. Debtor has not met the heavy burden assigned one who bears the burden of persuasion. Contrary to Debtor's claims, granting an injunction will not have the desired effect of reducing and eliminating unnecessary litigation and delay. Allowing the prosecution of the claim to proceed separately, outside the bankruptcy court, is in fact the appropriate result under the bankruptcy code because only OATH may properly hear claims related to prevailing wage violations on City public work contracts.

### III

### CONCLUSION

It is clear that the Debtor will be unable to demonstrate either an irreparable injury or that a balancing of the hardships tips in its favor. Moreover, there is strong and compelling public interest in allowing the prosecution of the prevailing wage law to proceed.

**WHEREFORE**, it is respectfully requested that the Court issue an order denying Debtor's OTSC in its entirety and (a) declaring that THE OATH hearing is exempt from the automatic stay pursuant to Section 362(b)(4) of the Bankruptcy Code; (b) dismissing the adversary complaint and (c) denying the Debtor's request for injunctive relief pursuant to Section 105(a) and allowing the prosecution of the labor law violation to proceed without further delay along with such other relief as this Court deems just and proper.

Dated:     New York, New York
           March 16, 2005

                                        By:    s/ Rita D. Dumain
                                               RITA D. DUMAIN


                                        By:    _____
                                               BARBARA MORETTI


                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the City of New York
                                        Attorney for The Comptroller of the City of New York
                                        100 Church Street, Rm. 5-234
                                        New York, New York  10007

## CERTIFICATION OF SERVICE

I, RITA D. DUMAIN , an attorney admitted to practice before the courts of the State of New York, do hereby certify that I caused to be served the Supplemental Memorandum of Law of the Comptroller of the City of New York In Further Opposition to Debtor's Order to Show Cause by causing to be deposited a copy of the same, enclosed in a prepaid wrapper in a post office box situated at 100 Church Street in the Borough of New York, City of New York, regularly maintained by the Government of the United States in said City.

Dated: New York, New York
      March 16, 2005

                                                s/Rita D. Dumain
                                                RITA D. DUMAIN

David L. Finger
Finger & Slanina, LLC
One Commerce Center
1021 Orange Street, Suite 725
Wilmington, DE 19801-1155


Jesse H. Austin, III, Esq.
Karol K. Denniston, Esq.
PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street
Suite 2400
Atlanta, Georgia